

# The Attorney General of Texas

April 11, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

01 Texas, Suite 700
.iouston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Warner Bell
Trinity County Attorney
P. O. Box 878
Groveton, Texas    74845

Opinion No. JM-146

Re:  Whether a person arrested prior to January 1, 1984, for driving while intoxicated may be granted a deferred judgment after January 1, 1984

Dear Mr. Bell:

You have requested that this office determine the effects of recent amendments to article 42.13, section 3d of the Code of Criminal Procedure on defendants in driving while intoxicated [hereinafter DWI] misdemeanor actions involving a violation of article 67011-1, V.T.C.S. Prior to amendment, article 42.13, section 3d authorized courts to "defer further proceedings without entering an adjudication of guilt" in any misdemeanor case. See Attorney General Opinion MW-133 (1980). The amendments to which you refer remove misdemeanor DWI actions from the scope of section 3d. Article 42.13, section 3d, as amended by Senate Bill No. 1 of the Sixty-eighth Legislature, provides in relevant part:

> (a) Except as provided by Subsection (d) of this section when in its opinion the best interest of society and the defendant will be served, the court may, after receiving a plea of guilty or a plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt, defer further proceedings without entering an adjudication of guilt and place the defendant on probation for a period as the court may prescribe, not to exceed the maximum period of imprisonment prescribed for the offense for which the defendant is charged.

> . . . .

> (d) This section does not apply to a defendant charged with an offense under Subdivision (2), Subsection (a), Section 19.05, Penal Code, or an offense under Article 67011-1, Revised Statutes, as amended.

Acts 1983, 68th Leg., ch. 303, §16, at 1594, 1595.   The above amendments to article 42.13, section 3d took effect on January 1, 1984.   See Acts 68th Leg., ch. 303, §29, at 1607.   You ask whether a court may grant a deferred judgment to a defendant who is charged with a misdemeanor prior to January 1, 1984 but whose case comes to trial after January 1, 1984.   We conclude that it can.

Statutes should be read as a whole and should be construed to give meaning and purpose to every part.   Ex parte Pruitt, 551 S.W.2d 706, 709 (Tex. 1977).   It is apparent from the entirety of Senate Bill No. 1 that the legislature clearly intended to initiate stronger measures to deal with offenses involving intoxicated drivers.   Section 16 of Senate Bill No. 1, quoted above, limits the court's power to grant deferred adjudications in DWI cases.   Section 28 of Senate Bill No. 1 articulates the intended scope of the act:

> (b) The changes in law made by this Act for the punishment of an offense under Article 6701l-1, Revised Statutes, as amended, apply only to the punishment for an offense committed on or after the effective date of this Act.   For purposes of this section, an offense is committed before the effective date of this Act only if any element of the offense occurs before the effective date.

> (c) An offense committed before the effective date of this Act is covered by the law in effect when the offense was committed, and the former law is continued in effect for this purpose.

> (d) Article 5.03-1, Insurance Code, applies only for convictions of offense that occur after the effective date of this Act.

Acts 1983, 68th Leg., ch. 303, §28, at 1607.

It is our opinion that the amendments contained in section 16 of Senate Bill No. 1, which deny to defendants in DWI actions the deferred judgment provisions of article 42.13, section 3d, do not apply to violations that occurred before the effective date of the act.   According to section 28, the law at the time the offense was committed controls.   The pre-amendment article 42.13, section 3d permitted deferred judgments in misdemeanor DWI actions, and it is that version of article 42.13 that will control in any trial proceeding that may result from a pre-1984 DWI charge.

Our conclusion comports with the constitutional prohibition concerning the passage of ex post facto laws.   Tex. Const. art. I, §16.   One Texas court has defined an ex post facto law as follows:

> Any law is an ex post facto law which inflicts a greater punishment than the law annexed to the crime when committed, or which alters the situation of the accused to his disadvantage.

Ex parte Alegria, 464 S.W.2d 868, 872 (Tex. Crim. App. 1971).

A defendant who was charged with a misdemeanor DWI under article 6701l-1, V.T.C.S. before January 1, 1984 was elegible for a deferred adjudication under article 42.13, section 3d; i.e. a deferred judgment was an available punishment "annexed to the crime when committed." Under the amendments in section 16 of Senate Bill No. 1, a deferred adjudication is not available to a defendant charged with a misdemeanor DWI. To remove from a defendant who was charged before the passage of Senate Bill No. 1 the possibility of being granted a deferred adjudication would certainly alter the position of the accused to his disadvantage.

### S U M M A R Y

The amendments to article 42.13, section 3d of the Code of Criminal Procedure contained in Senate Bill No. 1, Acts of the Sixty-eighth Legislature, chapter 303 at 1594, which prohibit courts from granting a deferred adjudication to a defendant charged with a misdemeanor DWI under article 6701l-1, V.T.C.S., do not apply to defendants who were charged prior to the January 1, 1984 effective date of the amendments.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Susan Garrison
Jim Moellinger
Nancy Sutton